[Civ. No. 5502.   Third Appellate District.—November 20, 1935.]

WILLIAM H. NOBLE et al., Petitioners, v. PROVIDENT IRRIGATION DISTRICT et al., Respondents.

H. W. McGowan and A. L. Garvey for Petitioners.

George R. Freeman for Respondents.

THE COURT.—This cause is before us again upon the defendants' demurrer to the plaintiffs' amended petition.

As the petition is still defective, and the demurrer must be sustained, and it appearing to the court that this cause, if prosecuted further, should be prosecuted in the superior court, we summarize the reasons therefor as follows:

The proceeding has for its purpose the compelling of the officers of the Provident Irrigation District to proceed with obtaining deeds to certain lands in the district alleged to have been sold on account of the failure to pay previous assessments. The petition also sets forth that the district has been deprived of several thousand dollars of profit which it should have received in the managements of lands that should have been deeded to the district; asks for an accounting of the profits of certain lands for several years; and for the taking possession of certain crops of rice growing upon the lands that should have been deeded to the district.

In order to determine whether the district is entitled to deeds to the lands referred to in the petition, it would become necessary to examine all the records and proceedings and acts of the district relative to the assessment of the lands, the failure to pay the assessments, the publication of notice of delinquent taxes, and the time and place of sale of lands on account of delinquent taxes, and generally, to examine into the sufficiency and regularity of all of the proceedings provided to be taken in and by virtue of the provisions of sections 40 to 49, inclusive, of the California Irrigation District Act. All of the foregoing would necessitate a trial in this court which should first be had in the superior court of the county where all the proceedings herein referred to were taken and had and the record readily available.

Jurisdiction was taken of this cause without requiring previous action in the superior court, on the representation that an emergency was presented relative to a rice crop grow-

ing upon the lands and premises at the date of the filing of the petition.

By reason of the time which has elapsed between the filing of the first petition and the filing and hearing of the amended petition herein, the urgency, if any, has ceased to exist, and the reasons for this court assuming practically the position of a trial court having ceased to exist, it is evident that the questions involved in this action should be first heard and determined in the superior court of the proper county where the facts may be readily ascertained, adjudication had, and also that an accounting may be had, if an accounting becomes proper and necessary.

By reason of the foregoing we need only consider one of the points made upon demurrer. ██ Instead of setting forth the proceedings relative to the assessment, sale, etc., of the property involved, the petition states only the pleader's conclusions in the following language, to wit: ''That each year since the organization of said District, assessments have been regularly levied in accordance with the provisions of Sections forty (40) to forty-nine (49) of the California Irrigation District Act and the various steps necessary in accordance with said act were taken to collect the same, and after publication, as set forth in said act, sales were held to collect the delinquent taxes and assessments against the delinquent lands and land-owners, and, in accordance with said act, a sale was held by the defendant-district and the officers thereof, on August ——, 1930, and on August ——, 1931, and on August ——, 1932, and the said lands of defendants, L. M. Benoit and A. E. Moutrey, were then and there sold to the defendant-district for the failure to pay the taxes and assessments mentioned herein.'' It is further set forth in the petition that the district became the purchaser.

The allegation which we have set forth fails entirely to state the facts concerning the proceedings which were had, and no court could ascertain from the petition that the various steps required to be taken as set forth in the California Irrigation District Act, had been complied with. The various acts themselves must be set forth, and not the conclusion or opinion of the pleader.

Other objections to the sufficiency of the amended petition are urged in the demurrer, but as those objections may be con-

sidered and obviated hereafter, we do not deem it necessary to give attention thereto.

By reason of the petition being defective, as just pointed out, and also having reached the conclusion that this cause should be further prosecuted in the superior court where a trial may be regularly had,—

It is hereby ordered that the demurrer of the defendants to the plaintiffs' amended petition be, and the same is hereby sustained without prejudice to the petitioners to begin and prosecute this action to final determination in the superior court of the proper county.